## UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL J. DIPALMA, | ) | CASE NO. 1:14-cv-756 |
| | ) | |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OPINION** |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is the Report and Recommendation ("R&R") of Magistrate Judge Nancy Vecchiarelli (Doc. No. 20 ["R&R"]) with respect to plaintiff Michael Dipalma's request for judicial review of defendant Commissioner of Social Security's denial of his application for supplemental security income ("SSI") under Title XVI of the Act. The R&R recommends affirmance of the Commissioner's decision. Plaintiff has filed objections to the R&R (Doc. No. 22 ["Obj."]), and defendant has filed a response to the objections (Doc. No. 24 ["Resp."]). Upon *de novo* review and for the reasons set forth below, the Court hereby overrules plaintiff's objections, accepts and adopts the R&R, affirms the Commissioner's decision, and dismisses this case.

### I. BACKGROUND

Plaintiff "stipulates to the facts and procedural background as stated in the Magistrate'[s] Report and Recommendation." (Obj. at 765.[1]) Those portions of the R&R are, therefore, adopted by the Court. (*See* R&R at 746-751.)

---

[1] All page number references are to the page identification number generated by the Court's electronic docketing system.

For the sake of context, it is helpful to know that plaintiff applied for a period of disability, disability insurance benefits, and SSI in December 2006, alleging a disability onset date of November 24, 2005. On October 16, 2009, ALJ Stephen Hanekamp concluded that plaintiff was not disabled. (Doc. No. 11 ["Tr."] at 147-158.)

On August 12, 2010, plaintiff filed the application at issue herein, alleging  a disability onset date of October 17, 2009, the day after the first denial. At the time of the second application, plaintiff was 42 years old; by the time of the administrative hearing on February 9, 2012, he was 45.

On March 29, 2012, ALJ Thomas Randazzo concluded that plaintiff had the following impairments: degenerative disc disease of the cervical and lumbar spine, depression, post traumatic stress disorder ("PTSD") and dyslexia (*Id.* at 77); however, those impairments did not meet the severity required by the Listing of Impairments in the Social Security regulations. (*Id.*) The ALJ further determined that plaintiff had "the residual functional capacity ["RFC"] to perform medium work … except with [certain defined] nonexertional limitations[.]" (*Id.* at 78.) Notably, this RFC was exactly the same RFC as had been determined by ALJ Hanekamp in denying plaintiff's first application. (*Id.* at 153-54.) ALJ Randazzo also determined that plaintiff had limited education and was able to communicate in English, but was unable to perform his past relevant work of printed circuit board and quality control inspector. (*Id.* at 80.) ALJ Randazzo ultimately concluded that plaintiff was "not disabled" because, "[c]onsidering [his] age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the [plaintiff] can perform." (*Id.*, citations omitted.)

## II. DISCUSSION

**A.    Standard of Review**

This Court's review of the Magistrate Judge's R&R is governed by 28 U.S.C. §
636(b), which requires a *de novo* decision as to those portions of the R&R to which objection is
made. Judicial review is limited to a determination of whether the ALJ applied the correct legal
standards and whether there is "substantial evidence" in the record as a whole to support the
decision. 42 U.S.C. § 405(g); *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir.
2005). Substantial evidence is more than a scintilla but less than a preponderance. *Rogers v.
Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). It is "'such relevant evidence as a
reasonable mind might accept as adequate to support a conclusion.'" *Jones v. Comm'r of Soc.
Sec.*, 336 F.3d 469, 475 (6th Cir. 2003) (quoting *Stanley v. Sec'y of Health & Human Servs.*, 393
F.3d 115, 117 (6th Cir. 1994)) (further quote omitted).

If there is substantial evidence to support the Commissioner's decision, it must be
affirmed even if the reviewing court might have resolved any issues of fact differently and even
if the record could also support a decision in plaintiff's favor. *Crisp v. Sec'y of Health & Human
Servs.*, 790 F.2d 450, 453 n.4 (6th Cir. 1986).

**B.    Plaintiff's Objections**

Plaintiff raises two objections: (1) that ALJ Randazzo erred by adopting the RFC
finding of ALJ Hanekamp; and (2) that all the jobs identified by the Vocational Expert ("VE") as
ones that plaintiff could perform are not consistent with the hypothetical posed by ALJ
Randazzo.

3

### 1.     *Residual Functional Capacity Finding*

Plaintiff's physical complaints were apparently brought on by a motor vehicle accident in 1997, when he was struck by a drunk driver. According to him, his condition was exacerbated by a second accident in July 2011. Plaintiff challenges the failure of ALJ Randazzo to find any change in his condition since ALJ Hanekamp's original RFC finding in October 2009. Although acknowledging that an ALJ must adopt the decision of a previous ALJ absent proof of some change, *Drummond v. Comm'r of Soc. Sec.*, 126 F.3d 837, 843 (6th Cir. 1997) (principles of *res judicata* bar the relitigation of issues previously determined, unless there is evidence of changed circumstances), plaintiff argues that ALJ Randazzo's analysis was insufficient to constitute substantial evidence that his condition had not changed.

The R&R concludes that the following substantial evidence supports ALJ Randazzo's finding that plaintiff's condition had not changed since ALJ Hanekamp made his original RFC determination:

1.   Plaintiff had a herniated disc at C6-7 and cervical radiculopathy; however, he was treated with physical therapy and rejected surgery. (Tr. 18.)

2.   Plaintiff was in a motor vehicle accident in July 2011. (Tr. 18.) An examination on August 5, 2011, showed that he was neurologically normal. (*Id.*)

3.   Plaintiff testified that he suffered from migraine headaches, but an MRI of his head was normal and the headaches responded to medications. (Tr. 18.)

4.   Plaintiff's neurological findings were normal during the relevant period and his treatment was routine and conservative in nature. (Tr. 18, 498, 555-614, 637-639.)

5.   With regard to Plaintiff's mental state, evidence showed that Plaintiff was "alert, cooperative, friendly, well groomed, coherent, logical, organized, with sustained concentration and a good memory" on examination. (Tr. 19.)

4

(R&R at 758.) Plaintiff challenges all but number 3.

As to number 1, plaintiff asserts that "the record supports that [he] was compliant with physical therapy but it did not provide long lasting relief of his pain." (Obj. at 766.) He claims that he "participated in 14 physical therapy visits … [and that] records consistently reveal [his **intensified** symptoms and their impact on [his] day-to-day functioning." (*Id.*, emphasis in original.) Unfortunately, plaintiff fails to give a single citation to the record to support these assertions. The Court's own review of the record reveals that, between August 22, 2011 and October 19, 2011 (following the second motor vehicle accident), plaintiff participated in only 12 physical therapy sessions, having canceled two. The treatment notes do not indicate intensified symptoms. In fact, the notes for all but one of those sessions (*see* Tr. at 588) indicate that he tolerated the treatments, with little or no complaint of pain, and was finally discharged with a good prognosis and no further need of skilled care. (Tr. at 574, 575, 578, 581, 585, 591, 594, 604, 607, 611.)

Plaintiff also challenges the ALJ's statement that he had rejected surgery (Tr. at 18), arguing that no surgery had been recommended by his doctor, and that the ALJ improperly relied upon two patient notes from February and April of 2008, which predated his disability onset date of October 2009. While plaintiff's criticism is correct factually, what plaintiff fails to note is the ALJ's finding that, following an examination on August 5, 2011, plaintiff was reported as neurologically normal. (*Id.*, citing Ex. B11F page 4.) In view of that finding, whether or not plaintiff had rejected surgery is irrelevant, and, if the statement about rejecting surgery is error, it was harmless error.

Regarding numbers 2 and 4 above, plaintiff first argues that "normal neurological findings does [sic] not indicate lack of symptoms or an absence of limitations." (Obj. at 767.) He points to treatment notes dated July 25, 2011 and again on October 7, 2011, stating that, following a car accident, he was experiencing neck pain that radiated from the left upper extremity down to the wrist. (*Id.*, citing Tr. at 496, 498.) But, following that flare-up, plaintiff went to physical therapy and was discharged on October 19, 2011 with a good prognosis. The record reflects no more than a temporary change in plaintiff's condition, which was successfully addressed through physical therapy.

Plaintiff further argues that his doctor's October 7, 2011 impression of "cervical radiculopathy" was a new condition. (Obj. at 767, citing Tr. at 496.) This is not true. His treating physician, Dr. Schwartz noted "cervical radiculopathy and pain" on March 28, 2008. (Tr. at 309.) The record further reflects that, on April 7, 2008, plaintiff underwent an EMG nerve conduction study that showed "C8-T1 chronic radiculopathy on the left[,] … [but that] [a]t this point, he is not interested in going any further … [because] [h]e is applying for disability." (*Id.* at 312.) In fact, these findings were even addressed by ALJ Hanekamp in the first denial. (*Id.* at 93.)

Finally, as to number 5 above, plaintiff argues that both the ALJ and the magistrate judge were "selective in their review of [his] mental health impairment." (Obj. at 767.) In particular, he argues they ignored the evidence that suggested a worsening in his mental health condition, despite compliance with his medications, following the second motor vehicle accident. (Obj. at 768.) He points to the fact that he saw a counselor regularly throughout 2011 and underwent a psychological evaluation on December 14, 2011, wherein it was determined that the accident had exacerbated his PTSD and anxiety. (*Id.* at 768, citing Tr. at 616.) At that time, he was diagnosed with a new condition – Major Depression, recurrent. (*Id.*, citing Tr. at

6

618.) On January 26, 2012, his treating physician, Dr. Adam Borland, noted that his "prognosis appears poor given his difficulty effectively coping with anxiety, stress, and feelings of hopelessness resulting from the effects of a severe learning disorder, as well as physical trauma sustained from two automobile accidents." (Tr. at 697.)

The Court need not address this aspect of plaintiff's objections because, although the R&R does mention plaintiff's mental health, it should not have done so since plaintiff raised no mental health arguments in his brief on the merits. The brief addresses solely his physical complaints, and only once mentions anxiety. (Doc. No. 13 ["Pl. Brief"] at 710 ("Dr. Schwartz also noted Plaintiff was anxious because of [the pain he was experiencing in July 2011].").) The Court concludes that plaintiff waived any challenge on appeal with respect to mental health issues. *Fields v. Colvin*, No. 3:13-CV-142, 2014 WL 4954599, at * 2 (E.D. Tenn. Sept. 30, 2014) (quoting *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to ... put flesh on its bones.") (additional citations omitted).) The mention of mental health issues in the R&R does not act to set aside plaintiff's waiver.

Plaintiff's first objection is overruled in its entirety.

### 2. *Vocational Expert Testimony*

In this objection, plaintiff argues that the jobs selected by the VE as among those he can do given his age, education, work history and RFC are inconsistent with the hypothetical posed by the ALJ. Plaintiff claims that, prior to relying upon the VE's testimony, the ALJ was required to seek explanation from the VE as to any and all discrepancies between the occupational evidence offered and the information listed for these jobs in the Dictionary of

7

Occupational Titles ("DOT"). (Obj. at 770, citing SSR 00-4.) Plaintiff insists the ALJ failed in this respect, requiring a remand for further consideration.

Plaintiff raised the very same argument in his brief before the magistrate judge. In his objections, he does not point out specifically any error in the R&R, simply repeating that both the ALJ and the R&R failed to follow the requirements of SSR 00-4. Strictly speaking, the Court need not address this objection, as it is not truly an objection. Even so, the Court finds no error in the R&R.

The R&R first properly points out that plaintiff did not raise any discrepancies during the hearing while the VE was testifying. This burden is on the plaintiff. *Beinlich v. Comm'r of Soc. Sec.*, 345 F. App'x 163, 168 (6th Cir. 2009) (also noting that neither the ALJ nor the VE are obligated to follow the DOT's classifications). As a result of this failure, plaintiff has waived his opportunity to challenge any discrepancies before this Court.

Next, the R&R properly notes that the VE's testimony does not have to coincide perfectly with the DOT. Here, the VE stated that her testimony was based not only on the DOT but also on her knowledge, education, training, and experience. (Tr. at 66.) "It is the [ALJ's] job to evaluate the trustworthiness of a vocational expert's testimony." *Sias v. Sec'y of Health & Human Servs.*, 861 F.2d 475, 480 (6th Cir. 1988). The ALJ expressly noted that he had "determined that the vocational expert's testimony is consistent with the information contained in the Dictionary of Occupational Titles." (Tr. at 81.)[2]

This objection is overruled.

---

[2] Plaintiff was permitted to submit a post-hearing brief, which the ALJ acknowledged and considered. Included with this submission were "Job descriptions from SkillTran." (Tr. at 297.) As far as this Court can determine, these are no more than unofficial descriptions of each of the three jobs, not anything official provided by Commissioner.

## III. CONCLUSION

For the reasons set forth herein, plaintiff's objections are overruled. The R&R is accepted and its reasoning adopted.

The decision of the Commissioner to deny plaintiff's application for supplemental security income is affirmed and this case is dismissed.

**IT IS SO ORDERED**.

Dated: September 21, 2015

_____
**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

9